# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANNA PULLEN and JOHN PULLEN, individually and as natural parents and next friends of B.A.P., a minor, M.M.P., a minor, and M.R.P., a minor,<br><br>   Plaintiffs,<br><br>v.<br><br>WALGREEN CO.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 08-CV-719-GKF-PJC<br>)<br>)<br>)<br>) |

## **OPINION AND ORDER**

This matter comes before the court on the Motion to Transfer [Docket No. 5] filed by defendant Walgreen Co. ("Walgreen"). Plaintiffs Dianna and John Pullen (the "Pullens"), residents of Oklahoma, brought this premises liability action after Diana Pullen allegedly slipped and fell on a recently mopped floor in a Walgreen store in Atlanta, Georgia. Walgreen moves to transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division. The Pullens filed a response. Walgreen has not filed a reply.

**I.**

There is no dispute that this action might have been brought in Atlanta, Georgia. The slip-and-fall accident occurred there, and Walgreen conducts business in Georgia. Transfer to a different district court where the action might have been brought is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The Tenth Circuit has held that this section gives courts discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "The burden of demonstrating the need for transfer rests with the moving party." *Id.* (quoting *Chrysler*, 928 F.2d at 1515).

In ruling on a motion to transfer, courts are to consider the following factors: (1) "the plaintiff's choice of forum;" (2) "the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;" (3) "the cost of making the necessary proof;" (4) "questions as to the enforceability of a judgment if one is obtained;" (5) relative advantages and obstacles to a fair trial;" (6) "difficulties that may arise from congested dockets;" (7) "the possibility of the existence of questions arising in the area of conflict of laws;" (8) "the advantage of having a local court determine questions of local law;" and (9) "all other considerations of a practical nature that make a trial easy, expeditious and economical." *Chrysler*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). "Unless the balancing of these factors strongly favors transfer, 'the plaintiff's choice of forum should rarely be disturbed.'" *Titsworth v. City of Muskogee*, 2008 WL 112032, at *2 (N.D. Okla.) (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)); *Texas Gulf Sulphur*, 371 F.2d at 147 (10th Cir. 1967). "Plaintiff's choice is [] given considerable weight." *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).

**II.**

The parties have not raised a question as to the enforceability of a potential judgment obtained in either jurisdiction (factor #4). Walgreen conducts business in Oklahoma, and it does not contend it cannot receive a fair trial in the Northern District of Oklahoma (factor # 5). Neither party has raised issues of congested dockets (factor #6) or the existence of questions in the area of conflict of laws (factor #7). With respect to the remaining factors, a balancing test is appropriate.

Walgreen argues that transfer is proper because Atlanta is the situs of the accident giving rise to the Pullens' claims. The Pullens reside in Tulsa, Oklahoma, and have chosen the Northern District of Oklahoma as their forum (factor #1). This choice is afforded "considerable weight." *Tex. E. Transmission Corp.*, 579 F.2d at 567 (citations omitted). The Pullens assert – and Walgreen does not dispute – that Dianna Pullen suffered significant physical injury from the fall, including a brain injury requiring continuing medical care. The Pullens contend – and Walgreen does not contest – that a transfer of this action to Georgia would place an extreme hardship on the Pullens due to Dianna Pullen's medical condition.

As to the factors of witness availability (factor #2) and the cost of making the necessary proof (factor #3), Walgreen argues that requiring its witnesses to travel to Oklahoma for trial would be inconvenient. However, Walgreen has not identified the Georgia witnesses it expects to call at trial,[1] nor has it shown that any such witnesses are unwilling to come to trial in Tulsa, that deposition testimony would be unsatisfactory, or that the use of compulsory process will be necessary. *Scheidt*, 956 F.2d at 966. If the case were to be transferred to Atlanta, the Pullens and their damages

---

[1] The Pullens say that the slip-and-fall was recorded on Walgreen's video camera, and that liability is apparent from the video. The video allegedly shows an employee mopping the floor. After Diana Pullen's fall, the employee allegedly walked to the storeroom, brought out two cones, and placed them in the aisle where she was still laying on the floor. The employee is obviously an important fact witness in this case.

3

witnesses (i.e., Dianna Pullen's doctors who reside in Oklahoma) would be required to travel to Georgia for trial.

Walgreen states, correctly, that Georgia law will control as to the substantive matters of this case, and implies that there would be an advantage to having a Georgia court determine local law (factor #8). However, Walgreen gives no reason why this court cannot instruct the jury on the applicable law, as Georgia law is presumably well-settled in the area of premises liability.

### III.

Upon consideration of the relevant factors in light of the arguments set forth in the brief, the court concludes that Walgreen has not met its burden of demonstrating the need for transfer.

WHEREFORE, defendant Walgreen Co.'s Motion to Transfer [Docket No. 5] is denied.

DATED this 9th day of February, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma